UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, : Plaintiff, v. CITI MATTRESS INC.; CITI MATTRESS LLC; CLAUDIA RAMIREZ, Individually; and RUDICO RAMIREZ, Individually, Defendants. | Civil Action No. **COMPLAINT** |

---

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that defendants violated Sections 7, 11(c), 15(a)(1), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

As set forth below, Defendants' employees consistently worked in excess of 40 hours per week and often more than 70 hours in a week producing and handling refurbished mattresses for resale. Defendants paid their employees at their regular straight-time hourly rates for all of their hours, without paying them overtime premium compensation for overtime hours worked.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

1

2. Venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant CITI MATTRESS INC. is a corporation organized under the laws of the State of New Jersey having its principal office and place of business at 90 Dayton Avenue, Passaic, NJ 07055, within the jurisdiction of this court, where it is engaged in the business of producing and distributing refurbished mattresses and box springs.

5. Defendant CITI MATTRESS LLC is a limited liability company organized under the laws of the State of New Jersey having had its principal office and place of business at 245 4th Street, Passaic, NJ 07055, within the jurisdiction of this court.

6. Defendant Citi Mattress LLC is not currently operating, but was the predecessor to defendant Citi Mattress Inc.

7. Until approximately May 2014, defendant Citi Mattress LLC was engaged in the business of producing and distributing refurbished mattresses and box springs.

8. Starting in approximately May 2014, defendant Citi Mattress Inc. continued the business operations of Citi Mattress LLC, as the successor to Citi Mattress LLC, producing and distributing the same types of refurbished mattresses and box springs, and using the same processes and equipment, under the same or similar working conditions.

9. Defendants Citi Mattress Inc. and Citi Mattress LLC have regulated the employment of all persons employed by them, acted directly and indirectly in the companies' interest in relation to the employees, and thus are employers of the employees within the meaning of Section 3(d) of the Act.

10. Defendant CLAUDIA RAMIREZ, who maintains a place of business at 90 Dayton Avenue, Passaic, NJ 07055, within the jurisdiction of this court, is sole owner of defendant Citi Mattress Inc.

11. Defendant Claudia Ramirez is in active control and management of defendant Citi Mattress Inc.

12. Defendant Claudia Ramirez possesses and has exercised authority to hire, fire, supervise, and set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interests of defendant Citi Mattress Inc. in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

13. Defendant Claudia Ramirez is the sole member of defendant Citi Mattress LLC.

14. When defendant Citi Mattress LLC was in business, defendant Claudia Ramirez was in active control and management of defendant Citi Mattress LLC.

15. When defendant Citi Mattress LLC was in business, defendant Claudia Ramirez possessed and exercised authority to hire, fire, supervise, and set the hours and compensation of employees, and otherwise acted directly and indirectly in the interests of defendant Citi Mattress LLC in relation to its employees, and was thus an employer of the employees within the meaning of section 3(d) of the Act.

16. Defendant RUDICO RAMIREZ, who maintains a place of business at 90 Dayton Avenue, Passaic, NJ 07055, within the jurisdiction of this court, is in active control and management of defendant Citi Mattress Inc.

17. Defendant Rudico Ramirez possesses and has exercised authority to hire, fire, supervise, and set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interests of defendant Citi Mattress Inc. in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

18. Defendant Rudico Ramirez was previously the sole member of defendant Citi Mattress LLC, before transferring sole ownership of Citi Mattress LLC to defendant Claudia Ramirez.

19. When defendant Citi Mattress LLC was in business, defendant Rudico Ramirez was in active control and management of defendant Citi Mattress LLC.

20. When defendant Citi Mattress LLC was in business, defendant Rudico Ramirez possessed and exercised authority to hire, fire, supervise, and set the hours and compensation of employees, and otherwise acted directly and indirectly in the interests of defendant Citi Mattress LLC in relation to its employees, and was thus an employer of the employees within the meaning of section 3(d) of the Act.

### Defendants Are an Enterprise Engaged in Commerce

21. The business activities of Defendants, as described herein, are related and performed through unified operation and common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

22. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.

23. The enterprise has employees handling and working with goods or materials that have been moved in or produced for commerce, such as used mattresses, fabric, quilting machines, air compressors, and trucks.  Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## Tolling Agreement

24. On or about November 15, 2016, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement").

25. The tolling agreement tolls the applicable statute of limitations for the time period beginning April 22, 2016 up through and including December 2, 2016, for a total of 224 days.

26. Accordingly, the statute of limitations shall be tolled from April 22, 2016 through December 2, 2016.

## Defendants' Pay and Recordkeeping Practices

27. At all relevant times, Defendants employed various categories of employees, including but not limited to production workers, managers, and administrative workers.

28. At all relevant times, most employees of Defendants regularly worked in excess of 40 hours per week, with workweeks typically ranging from 50 to 70 hours per week, and often in excess of 70 hours in a week.

29. At all relevant times, most employees of Defendants worked six days per week, Monday through Saturday.

30. At all relevant times, most employees of Defendants started work at approximately 7:00 a.m. each day Monday through Saturday.

31. At all relevant times, most employees of Defendants finished work at times ranging from approximately 5:00 p.m. to 8:00 p.m. each day Monday through Saturday.

32. At all relevant times, some employees of Defendants worked seven days per week.

33. At all relevant times, when employees of Defendants worked on a Sunday, they generally worked from approximately 7:00 a.m. or 8:00 a.m. to approximately 3:00 p.m.

34. At all relevant times, all production workers, managers, and administrative workers employed by Defendants were paid their regular straight-time hourly rates of pay for all hours worked, including hours in excess of 40 in a week, and were not paid any additional premium pay for hours worked in excess of 40 in a week.

35. At all relevant times, the daily hours worked of all production workers, managers, and administrative workers employed by Defendants were recorded on time cards.

36. Defendants failed to preserve their employees' time cards from 2014 which recorded employees' daily hours worked in 2014.

## FIRST CAUSE OF ACTION
**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

37. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 36 of the Complaint.

38. At all relevant times, Defendants in many workweeks violated the provisions of sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

39. Employees of Defendants in many workweeks worked 50 to 70 hours or more and were paid their regular straight-time hourly rates of pay for all hours worked, without being paid an additional premium rate of one and one-half their regular rates for hours worked in excess of 40 in a workweek.

40. Therefore, Defendants are liable for unpaid overtime compensation and liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Failure to Preserve Records

41. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 40 of the Complaint.

42. Defendants violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516. More specifically, Defendants failed to preserve for at least 2 years records of their employees' daily hours of work during 2014.

**WHEREFORE**, cause having been shown, the Secretary respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or

participation with Defendants, from violating the provisions of Sections 7, 11(c), 15(a)(1), 15(a)(2), and 15(a)(5)of the Act;

    2.    An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to the Secretary for the period covered by this Complaint); or

    3.    In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

    4.    An order compelling Defendants to reimburse the Secretary for the costs of this action; and

    5.    An order granting such other relief as the Court may deem necessary or appropriate.

DATED:    December 5, 2016
                 New York, New York

                                  s/ M. Patricia Smith
                                  M. PATRICIA SMITH
                                  Solicitor of Labor

                                  s/ Jeffrey S. Rogoff
                                  JEFFREY S. ROGOFF
                                  Regional Solicitor

s/ Daniel Hennefeld
DANIEL HENNEFELD
Senior Trial Attorney

s/ Molly K. Biklen
MOLLY K. BIKLEN
Supervisory Trial Attorney

U.S. Department of Labor,
*Attorneys for Plaintiff Secretary of Labor*

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3676
(646) 264-3660 (fax)
Biklen.molly@dol.gov
NY-SOL-ECF@dol.gov
Secretary of Labor, Plaintiff

# EXHIBIT A

**Name**
Alex Sandobal
Alonso E
Ana Garcia
Benjamin C
Carli LNU
Carlos Sunuc
Cesar Fuentes
Christian Rodriguez
Christian Tapia
Daisy X
Daisy Luna
David Palacios
Delmis Vasquez
Domingo Marin
Elizabeth LNU
Fernando Martinez
Fernando Toj
Filadelpho Tuyuc
Gelacio Villagran
Gerardo N
German Villagran
Hector Fuentes
Hector Villalta
Henry Morales
Jakelyn Del Carmen
Jeanice Guzman
Jesus Caloch
Jimmy Calva
Jorge Xelo
Jose Saturino
Jose Tuyuc
Juan Pablo
Leidy Mora
Marcelino LNU
Marcos Sunuc
Mardeoqueo LNU
Marvin R
Martha Tlamitizi
Mayra Cepeda
Miguel Cumar

Morelia LNU
Nelson Hernandez
Nieszelka Rodriguez
Osmar William
Pedro Garcia
Rodrigo Vargas
Rodrigo Villagren
Sarai LNU
Saul Rivaz
Sixto Camacho
Timoteo LNU
Vidal Patzan
Weston LNU
William Estrada
Xochilt M